UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGEE WALBERRY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO: |
| THE TRUSTEES OF INDIANA UNIVERSITY, | ) |
| INDIANA UNIVERSITY PSYCHIATRIC MANAGEMENT, LLC, | ) 1:04-cv-0848-DFH-WTL |
| and | ) |
| INDIANA UNIVERSITY PSYCHIATRIC ASSOCIATES, INC., | ) |
| Defendants. | ) |

## COMPLAINT

Demand for Jury Trial -- L.R. 38.1

I

Jurisdiction
and
Venue

1.   The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §2617 and 28 U.S.C. §1331, this being a civil action arising under the laws of the United States to enforce and to seek relief for the violation of the federal Family Medical Leave Act, ("FMLA"), 29 U.S.C. §2601, et seq.

2.   Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the parties are all residents of and all of the events involved in this matter occurred within the Southern District of Indiana, Indianapolis Division.

II

Parties

3. Plaintiff Angee Walberry ("Plaintiff" or "Walberry") is an adult, a citizen of the United States, a resident of Marion County, Indiana, who suffers from the disease commonly known as "lupus".

4. Defendant The Trustees of Indiana University ("Trustees") are a separate body politic which may be sued in its own name and are responsible for the operation of Indiana University pursuant to IC 20-12-23-1, et seq. Trustees employ more than 50 persons.

5. Defendant Indiana University Psychiatric Associates, Inc. ("IUPA") is a private, non-profit domestic corporation organized under, operating pursuant to the laws of and in good standing with the State of Indiana. IUPA employs more than 50 persons.

6. Defendant Indiana University Psychiatric Management, LLC ("IUPM"), is a private, for-profit domestic corporation organized under, operating pursuant to and in good standing with the State of Indiana.

7. Defendant Trustees, IUPA and IUPM are referred to herein collectively as "Defendants" unless otherwise indicated; collectively, they were Plaintiff Walberry's employer and collectively they employ more than 50 persons.

III

Facts

8. In or about August, 1988, Plaintiff Walberry first became employed by Defendant Trustees in the Indiana University, Department of Psychiatry and

Social Work in Indianapolis, Indiana.

9. In or about 1993, Plaintiff Walberry became employed by Defendant Trustees at the Indiana University, Department of Psychiatry at Indiana University Hospital in Indianapolis, Indiana.

10. In or about 1993, while remaining in the employ and on the payroll of the Trustees, Plaintiff Walberry began to work for and became responsible for most facets of the operation of IUPM, a privately owned, for-profit corporation which functioned out of the physical facility of and utilized the personnel and resources of the Trustees.

11. From on or about July 1, 2003 to March 15, 2004, Plaintiff Walberry was paid an annual salary of approximately $67,000, one-third of which came from Defendant Trustees and two-thirds of which came from Defendant IUPA, plus benefits, including health and disability insurance.

12. From in or about 1993 to March 15, 2004, although Plaintiff Walberry was in part paid by Defendant Trustees, Plaintiff Walberry's job was, however, exclusively working for Defendant IUPM, a private, for-profit corporation.

13. From in or about 1993 to March 15, 2004, in various ways, e.g. duties, responsibilities and pay, etc., Plaintiff Walberry was employed by, worked for and was associated with each of the Defendants simultaneously.

14. In or about 1999, Plaintiff Walberry developed lupus.

15. On or about January 12, 2004, Plaintiff Walberry applied for and on or about January 16, 2004, she was granted a leave of absence pursuant to the

FMLA. A copy of the Indiana University Purdue University Indianapolis Family/Medical Leave Of Absence form is attached hereto, made a part hereof and marked Exhibit A.

16. Plaintiff Walberry was eligible for an FMLA leave in that she had been employed by the Defendants, separately or severally, for at least 12 months and had worked at least 1250 hours during the 12-month period preceding the commencement of her leave as required by the FMLA, 29 U.S.C. §2611.

17. Plaintiff Walberry's FMLA leave commenced on February 1, 2004.

18. During Plaintiff Walberry's FMLA leave of absence, she notified the Defendants that, after she returned from the Mayo Clinic to which she was going on her FMLA leave, she may be forced to retire and apply for disability benefits as a result of her medical condition.

19. Within a several day period following the commencement of Plaintiff Walberry's leave, a series of meetings occurred involving, among others, Plaintiff Walberry, her supervisor and her supervisor's supervisor regarding Plaintiff Walberry and her continued employment with the Defendants.

20. Almost immediately following her being granted an FMLA leave of absence, Plaintiff Walberry was orally notified for the first time that her position was being eliminated as a result of a RIF.

21. By letter dated February 13, 2004, Plaintiff Walberry was notified by Defendant Trustees that effective March 15, 2004, her position would be eliminated as a result of a RIF. A copy of that letter is attached hereto, made a part hereof and marked Exhibit B.

4

22.     As a result of that series of meetings referred to above, Denny Jones, Plaintiff Walberry's supervisor's supervisor, sent to Plaintiff Walberry a letter dated February 16, 2004, formally notifying her of what she had already been orally notified; to wit: that her position was being eliminated as the result of a RIF. A copy of that letter is attached hereto, made a part hereof and marked Exhibit C.

23.     Only Plaintiff Walberry's position was subject to that RIF.

24.     At the time of the RIF, Plaintiff Walberry was a senior level employee who was performing her job in a satisfactory manner, up to or exceeding her employers' reasonable expectations. See Exhibit B.

25.     Plaintiff Walberry's actions of applying for and taking an FMLA leave and informing the Defendants that she may be forced to retire and apply for disability benefits were protected activities under the FMLA.

26.     The elimination of Plaintiff Walberry's position constituted an adverse employment act.

27.     During the several days between Plaintiff Walberry's return from her FMLA leave on March 10, 2004, and the date her position was eliminated, March 15, 2004, the Defendants denied Plaintiff Walberry access to her computer and to other essential means necessary to the performance of her job.

28.     On March 15, 2004, the Defendants executed the previously announced RIF, eliminated Plaintiff Walberry's position and dismissed her.

29.     Upon information and belief, Defendants have posted the position which Plaintiff Walberry had held at the time she was RIF-ed, although the

Defendants did not contact Plaintiff with regard thereto.

IV

Causes of Action

Count I

30.  Plaintiff Walberry incorporates by reference rhetorical ¶¶1-16, 18-29 as if fully set forth herein.

31.  The actions and inactions of the Defendants in not restoring Plaintiff Walberry to the same or an equivalent position upon her return from her FMLA leave violated the FMLA, 29 U.S.C. §2614.

Count II

32.  Plaintiff Walberry incorporates by reference rhetorical ¶¶1-29 as if fully set forth herein.

33.  The actions and inactions of the Defendants in eliminating Plaintiff Walberry's position as a result of a one-position RIF and not restoring Plaintiff Walberry to the same or an equivalent position upon her return from her FMLA leave was retaliatory, malicious and in bad faith violated the FMLA, 29 U.S.C. §2615(a)(1) and (2).

Count III

34.  Plaintiff Walberry incorporates by reference rhetorical ¶¶1-16, 18-29 as if fully set forth herein.

35.  The action and inactions of the Defendants in eliminating Plaintiff Walberry's position as a result of a one-position RIF and not restoring Plaintiff Walberry to the same or equivalent position upon her return after she notified the

Defendants that she may have to retire and apply for disability benefits violated the FMLA, 29 U.S.C. §2614 and 29 U.S.C. §2615(a)(1) and (2).

## Count IV

36. Plaintiff Walberry incorporates by reference rhetorical ¶¶1-29 as if fully set forth herein.

37. The actions and inactions of the Defendants in eliminating Plaintiff Walberry's position as a result of a one-position RIF and not restoring Plaintiff Walberry to the same or an equivalent position upon her return from her FMLA leave after she notified the Defendants that she may have to retire and apply for disability benefits was retaliatory, malicious and in bad faith violated the FMLA, 29 U.S.C. §2615(a)(1) and (2).

## V

## Relief

WHEREFORE, Plaintiff Angee Walberry prays that this Court will:

1. ENTER judgment on her behalf and against the Defendants, separately and severally, on Count I;

2. AWARD to her all damages with regard to Count I as authorized by 29 U.S.C. §2617(a)(1)(A)(i)(I), (a)(1)(A)(ii) and (a)(1)(A)(iii) including lost wages, employment benefits and other compensation she lost by reason of the Defendants' violation of the FMLA, interest thereon and liquidated damages;

3. ENTER judgment on her behalf and against the Defendants, separately and severally, on Count II;

4. AWARD to her all damages with regard to Count II as authorized by 29 U.S.C. §2617(a)(1)(A)(i)(I), (a)(1)(A)(ii) and (a)(1)(A)(iii) including lost wages, employment benefits and other compensation she lost by reason of the Defendants' violation of the FMLA, interest thereon and liquidated damages;

5. ENTER judgment on her behalf and against the Defendants, separately and severally, on Count III;

6. AWARD to her all damages with regard to Count III as authorized by 29 U.S.C. §2617(a)(1)(A)(i)(I), (a)(1)(A)(ii) and (a)(1)(A)(iii) including lost wages, employment benefits and other compensation she lost by reason of the Defendants' violation of the FMLA, interest thereon and liquidated damages;

7. ENTER judgment on her behalf and against the Defendants, separately and severally, on Count IV;

8. AWARD to her all damages with regard to Count IV as authorized by 29 U.S.C. §2617(a)(1)(A)(i)(I), (a)(1)(A)(ii) and (a)(1)(A)(iii) including lost wages, employment benefits and other compensation she lost by reason of the Defendants' violation of the FMLA, interest thereon and liquidated damages;

9. ALLOW to her a reasonable attorney's fees, reasonable expert witness fees, and other costs to be paid by the Defendant, pursuant to 29 U.S.C. §2617(a)(3).

10. GRANT to her such other equitable relief as is just and proper including reinstatement and promotion pursuant to 29 U.S.C. §2617(a)(1)(B).

*[signature]*

Lawrence M. Reuben

*[signature]*

Christopher K. Starkey
Attorneys for Plaintiff Angee Walberry

## DEMAND FOR JURY TRIAL

Plaintiff Angee Walberry, by counsel, pursuant to L.R. 38.1 and Fed. R. Civ. Proc. 38(b), hereby demands trial by jury of all issues so triable.

*[signature]*

Lawrence M. Reuben
Attorney for Plaintiff Angee Walberry

Lawrence M. Reuben, #6032-49
Christopher K. Starkey, #11757-49
Law Offices of Lawrence M. Reuben
One Virginia Avenue
Suite 600
Indianapolis, IN 46204
Telephone: (317) 634-2200
Facsimile: (317) 634-2776
E-mail: lmreubenlaw@yahoo.com