UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGEE WALBERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE TRUSTEES OF INDIANA ) | CASE NO. 1:04-cv-0848-DFH-WTL |
| UNIVERSITY, INDIANA UNIVERSITY ) | |
| PSYCHIATRIC MANAGEMENT, LLC, and ) | |
| INDIANA UNIVERSITY PSYCHIATRIC ) | |
| ASSOCIATES, INC., ) | |
| ) | |
| Defendants. ) | |

ENTRY ON POST-TRIAL MOTIONS

On May 3, 2006, a jury found in favor of defendants in this action, in which plaintiff Angee Walberry alleged that her employers fired her for exercising or intending to exercise her rights under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* On May 10, 2006, plaintiff Walberry filed *pro se* a motion that is in substance a motion for judgment as a matter of law or in the alternative for a new trial. Her attorneys then moved to withdraw and were granted leave to do so on May 15, 2006.

I.   *Motion for Judgment as a Matter of Law*

Plaintiff's motion for judgment as a matter of law on the issue of liability fails as a result of waiver and on the merits. With respect to waiver, at trial

plaintiff moved for judgment as a matter of law on the issue whether the two private defendants, in addition to Indiana University, were her employers. (The court took plaintiff's motion under advisement. It became moot when the jury ruled in her favor on those issues.) However, plaintiff did not move for judgment as a matter of law on the question of liability: whether defendants retaliated against her for exercising or intending to exercise her rights under the Family and Medical Leave Act. Her failure to move for judgment as a matter of law, before the case was submitted to the jury, on the specific issue prevents such a motion after the verdict. *Zelinski v. Columbia 300, Inc.*, 335 F.3d 633, 638 (7th Cir. 2003) (absence of motion on specific issue during trial waived argument on appeal that court should have granted judgment as matter of law on issue); *McCarty v. Pheasant Run, Inc.*, 826 F.2d 1554, 1555-56 (7th Cir. 1987).

Walberry's motion also fails on the merits. In deciding a motion for judgment as a matter of law, the court should review all of the evidence in the record. In doing so, however, the court must draw all reasonable inferences in favor of the non-moving parties, and it may not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.*, quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Thus, although the court should review the record as a whole, when deciding a motion for judgment as a matter of law, it must disregard all evidence favorable

to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151.

The jury found that Walberry failed to prove by a preponderance of the evidence that the defendants eliminated her position because she exercised (or intended to exercise) her rights under the Family and Medical Leave Act. That question is a question of disputed fact. The evidence would have allowed the jury to answer it yes or no, depending on the jury's evaluation of credibility of the witnesses and whether the jury was willing to infer unlawful intent from circumstantial evidence. Defendants offered evidence of lawful reasons for their decision to eliminate Walberry's position. The jury did not act irrationally by accepting their explanation, or at least by finding that Walberry had failed to prove unlawful motive by a preponderance of the evidence. Accordingly, the motion for judgment as a matter of law must be denied.

Walberry makes much of the fact that the court denied the defendants' motion for summary judgment before trial and denied their motions for judgment as a matter of law during trial. She has confused the standards applicable to these motions. When the court found that the evidence presented genuine issues of fact that the jury would need to decide, the court did not weigh the evidence or conclude that plaintiff would or should prevail at trial. The court instead found only that if plaintiff received the benefit of conflicts in the evidence and of favorable inferences from the evidence, a reasonable jury might rule in her favor.

The denial of the defendants' motions meant only that there were issues for the jury to decide, not that the only reasonable decision would be in plaintiff's favor.

II.     *Motion for New Trial*

The alternative motion for a new trial invites the court to act as an extra juror, to weigh the conflicting evidence, and to find that the verdict in favor of the defendants was against the manifest weight of the evidence. See *King v. Harrington*, 447 F.3d 531, 534 (7th Cir. 2006). A party seeking to establish the need for a new trial based on the weight of the evidence must carry a substantial burden, which the Seventh Circuit has phrased in different ways. A district court may grant a new trial because the verdict was against the weight of the evidence "only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks [the court's] conscience." *Latino v. Kaizer*, 58 F.3d 310, 315 (7th Cir. 1995) (finding abuse of discretion in district court's decision to grant a new trial based on weight of evidence; trial judge improperly usurped the jury's role in deciding the most reasonable inferences to be drawn from the evidence); accord, *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 424 (7th Cir. 2000) ("Only when a verdict is contrary to the manifest weight of the evidence should a motion for a new trial challenging the jury's assessment of the facts carry the day.").[1]

---

[1] In *King v. Harrington*, the Seventh Circuit wrote that the "manifest weight of the evidence" standard required a party seeking new trial to show "that no rational jury could have rendered a verdict against him." 447 F.3d at 534. That is, of course, the standard applicable to a motion for judgment as a matter of law,

This case was fairly typical among employment discrimination and retaliation suits that go to trial. The plaintiff came forward with evidence that would have allowed a reasonable jury to rule in her favor on the reasons for her termination. The defense came forward with conflicting evidence that offered a different explanation for her termination. Each side was able to poke some holes in the other's evidence and arguments, and the ultimate issue was left to the jury to assess the reasons the defendants terminated Walberry's employment. The issue on Walberry's motion for a new trial is not what the court's verdict might have been if the case had been tried to the court. The issue is whether the evidence was so lopsided that the verdict was contrary to the manifest weight of the evidence. It was not. Without predicting what the court might have done as the trier of fact, it is sufficient to note that the evidence was in conflict and that the jury's decision was reasonable. The jury verdict was not the only reasonable possible outcome, but it did not shock the judicial conscience.

The trial was not infected by unfairness from any other source, and the jury was properly instructed on the issues left to their decision. Contrary to Walberry's arguments, the issues were not complex. The key issue was the reason the defendants terminated plaintiff's employment. There is nothing complex or exotic about that question.

---

not the standard for a motion for a new trial. In support of this point, the court in *King* cited *Woodward v. Correctional Medical Services of Illinois, Inc.*, 368 F.3d 917, 926 (7th Cir.2004), but the cited portion of the *Woodward* opinion actually dealt with a motion for judgment as a matter of law. The standards are distinct and should not be confused.

Accordingly, plaintiff's post-trial motions are hereby denied. The court will enter final judgment in favor of defendants.

So ordered.

Date: July 20, 2006

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Ellen E. Boshkoff
BAKER & DANIELS
ellen.boshkoff@bakerd.com

Kellye Michelle Gordon
BAKER & DANIELS
kellye.gordon@bakerd.com

Lawrence M. Reuben
lmreubenlaw@yahoo.com

Christopher Kenneth Starkey
LAW OFFICE OF LAWRENCE M. REUBEN
starkeyck@msn.com

Angee Walberry
2239 North Leland Avenue
Indianapolis, Indiana 46218